Case 6:16-cr-00056   Document 415   Filed on 10/25/22 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
October 26, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:16-56-S-9 |
| | § | |
| MICHAEL PRESTON MIDDLETON, | § | |
|    Defendant. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant Michael Preston Middleton's Motion for Downward Departure Pursuant to Section 5K2.23, USSCG. D.E. 376.

**I. BACKGROUND**

On March 1, 2016, Defendant was arrested for being a felon in possession of a firearm and ammunition. Following his guilty plea, he was sentenced to 30 months' imprisonment in Case No. 6:16-CR-16-1. The Bureau of Prisons (BOP) commenced the sentence on August 1, 2016, the day that it was imposed, and credited towards this sentence time Defendant spent in custody beginning the day he was arrested and ending the day before he was sentenced. Defendant completed that sentence on May 4, 2018, but remained in federal custody because, before he had finished serving his sentence, he was indicted for conspiracy to possess with intent to distribute more than 500 grams of methamphetamine in the above-captioned case, 6:16-CR-56-S-9.

Following his guilty plea in this case, Defendant was sentenced on July 2, 2018, to 135 months' imprisonment. The Judgment in 6:16-CR-56-S-9 ordered that "[t]he sentence imposed is to be served concurrently with the undischarged term in Dkt. No. 6:16CR00016-001." D.E. 308, p. 2. BOP commenced Defendant's second sentence on July 2, 2018, the day that it was imposed. It also credited towards this sentence time he spent in custody beginning the day after his first

1

sentence concluded, May 5, 2018, and ending the day before his second sentence was imposed, July 1, 2018.

On February 26, 2019, Defendant filed an inmate grievance requesting credit on his second sentence beginning on his March 1, 2016, arrest date. BOP denied his grievance and his appeals, noting that his first sentence had already expired at the time his second sentence was imposed. BOP further explained that the time for which Defendant sought credit had already been counted against his first federal sentence and that his second sentence could not commence before it was imposed.

On March 18, 2020, Defendant filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241 in the Eastern District of Kentucky challenging BOP's computation of his sentence. *Middleton v. Ormond*, 2022 WL 1308808, at *4 (E.D. Ky. May 2, 2022). The Government opposed relief; however, on May 20, 2020, BOP sent a letter to this Court regarding Defendant's sentence. BOP stated that it was "unable to comply with your order for a concurrent sentence" because the first sentence concluded before the second one began. D.E. 376-1, p. 1. It then went on to explain:

> However, the U.S. Sentencing Guideline § 5K2.23 may apply in Mr. Middleton's case. This guideline permits the sentencing judge to adjust the federal sentence for any period of imprisonment already served as a result of the conduct taken into account in determining the guideline range for the instant offense, if the Court determines that period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons. If a 5K2.23 adjustment is applicable for time spent in custody between March 1, 2016, through May 4, 2018 (795-days or two-years, two-months and 3-days), which would adjust the term of imprisonment to 108-months and 27-days, the Court may respond to this letter stating its intent or issue an amended judgment and note the sentence is not a departure from the guideline range because the defendant has been credited, for guideline purposes under 5K2.23.

*Id.*, pp. 1–2.

Citing BOP's letter, Defendant now moves the Court to grant a downward departure pursuant to U.S.S.G. § 5K2.23 and reduce his sentence by 795 days.

## II. ANALYSIS

United States Sentencing Guideline § 5K2.23 provides:

> A downward departure may be appropriate if the defendant (1) has completed serving a term of imprisonment; and (2) subsection (b) of § 5G1.3 (Imposition of a Sentence on a Defendant Subject to Undischarged Term of Imprisonment or Anticipated Term of Imprisonment) would have provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense. Any such departure should be fashioned to achieve a reasonable punishment for the instant offense.

U.S.S.G. § 5K2.23.

In denying Defendant's prior petition under Section 2241, the Eastern District of Kentucky explained that many courts "have repeatedly made clear that a reduction in sentence pursuant to U.S.S.G. § 5G1.3 or § 5K2.23 must be effected by shortening the defendant's sentence **at the time of sentencing**." *Middleton*, 2022 WL 1308808 at *3 (emphasis in original) (citing *In re: United States Bureau of Prisons, Dep't of Just.*, 918 F.3d 431, 439 (5th Cir. 2019) (sentencing adjustments made pursuant to U.S.S.G. §§ 5G1.3(b) or 5K2.23 are made by the trial court at the time of sentencing by revising and recalculating the defendant's final sentence); *United States v. Goulden*, 54 F.3d 774 (4th Cir. 1995) (district court lacked authority to reduce sentence under 5G1.3 more than 7 days after sentence was imposed); *United States v. Brooks*, 2019 WL 2085138, at *1 (M.D. Fla. May 13, 2019); *United States v. Sarber*, 2016 WL 492749, at *2 (D. Kan. Feb. 8, 2016); *Vizcarra-Hernandez v. Wilner*, 2008 WL 5054569, at *3 (D. Colo. Nov. 21, 2008) ("Congress intended that the sentencing court compute a fair sentence under the Sentencing Guidelines at the time of sentencing . . . . The time to present an argument for a departure in a sentence calculation under the Guidelines has elapsed.").

"If [Defendant] had believed that his sentence should have been reduced pursuant to U.S.S.G. § 5G1.3 or § 5K2.23 (as [BOP] now apparently believes), Rules 35 and 36 of the Federal Rules of Criminal Procedure represent the remaining mechanisms to correct a criminal judgment."

3

*Middleton*, 2022 WL 1308808 at *4. Rule 35 provides: "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." FED. R. CRIM P. 35(a). Because more than 14 days have passed since the Judgment was entered, relief is unavailable under Rule 35. Rule 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." FED. R. CRIM. P. 36. As detailed below, relief is also unavailable under Rule 36.

At sentencing, Defendant told the Court that he had already served 28 months of his 30-month sentence in Case No. 6:16-CR-16. D.E. 405, 7/2/2018 Sent. Tr. at 8:1-3. The Court was well aware that it could not order his sentence in this case to run concurrently with the already-discharged term in his firearm case, which is why the Judgment explicitly provided that "[t]he sentence imposed is to be served concurrently with the **undischarged term** in Dkt. No. 6:16CR00016-001." D.E. 308, p. 2 (emphasis added). Because the written judgment accurately reflects the Court's oral pronouncement at sentencing, the Court has no authority to correct Defendant's sentence pursuant to Federal Rule of Criminal Procedure 36. *See United States v. Castro*, 2011 WL 2412902, at *2 (S.D. Tex. June 15, 2011); *see also United States v. Roth*, 359 F. App'x 453, 454–55 (5th Cir. 2009) (denying motion under Rule 36 where "[t]he judgment is consistent with the court's verbal explanation of the sentence" and "does not contradict anything that the judge said at the sentencing hearing"). The Court recognizes that it was under the mistaken impression that Defendant's sentence in this case would run concurrently with the remaining two months of his sentence in 6:16-CR-16; however, Rule 36 may not be used to alter final judgments to conform to intended consequences regarding prior custody credits. *See United States v. Werber*, 51 F. 3d 342, 343 (2d Cir. 1996). Indeed, "[c]ourts have consistently rejected attempts to invoke

4

Rule 36 as a *post hoc* justification to shorten a sentence under U.S.S.G. § 5G1.3 or § 5K2.23." *Middleton*, 2022 WL 1308808 at *4 (citing *United States v. Trotter*, 2016 WL 4046908, at *3 (E.D. Mich. July 28, 2016) ("Rule 36 is not a vehicle for the vindication of the court's unexpressed sentencing expectations, or for the correction of errors made by the court itself. Adjusting the sentence under U.S.S.G. 5G1.3(b)(1) would amount to a substantive change in Trotter's sentence, well beyond that allowed by Rule 36."); *United States v. Carr*, 421 F.3d 425, 432-33 (6th Cir. 2005); *Flores v. Kizziah*, (E.D. Ky. 2017) ("[T]he remedy requested and granted—the substantive amendment of a 5-year old judgment—was far beyond the limited remedy afforded by Rule 36.")

Finally, the Court acknowledges the Eastern District of Kentucky's characterization of BOP's letter to this Court as "disconcerting" and agrees that "it was not appropriate for the [BOP] to suggest to the sentencing court that the agency could and would alter its calculation of an inmate's sentence based solely upon the court's informal response to its letter." *Middleton*, 2022 WL 1308808 at *3.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Downward Departure Pursuant to Section 5K2.23, USSCG (D.E. 376) is **DENIED**.

It is so **ORDERED** this 25th day of October, 2022.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE