United States District Court
Southern District of Texas
**ENTERED**
December 06, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:16-56-S-9 |
| | § | |
| MICHAEL PRESTON MIDDLETON, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Michael Preston Middleton's Notice of Nunc Pro Tunc for Correction or Clarification of Record, which the Court construes as a motion to reconsider its recent Memorandum Opinion & Order denying his Motion for Downward Departure Pursuant to Section 5K2.23, USSCG. D.E. 421.

Defendant states that the Court's language in its recent decision "is very confusing and even misleading," and "due to a possible unintentional clerical error of the Court," his sentences were "ran separately and individually, which would amount to a fraud upon the Court committed by the sentencing judge . . . if the herein sentencing judge refuses to correct and or clarify such clerical error." D.E. 421, p. 3 (citing D.E. 415). He further claims that his trial counsel knew of the clerical error and was ineffective in failing to correct the error. Defendant therefore moves the Court to: (1) correct the clerical error and run his sentence in the above-captioned case concurrently with his sentence in Case No. 6:16-CR-16-1, and (2) grant a downward departure pursuant to U.S.S.G. § 5K2.23 and reduce his sentence by 795 days.

As the Court previously explained: (1) a reduction in sentence pursuant to U.S.S.G. § 5G1.3 or § 5K2.23 must be effected by shortening the defendant's sentence at the time of sentencing; (2) because more than 14 days have passed since the Judgment was entered, the Court

1

may not correct Defendant's sentence pursuant to Federal Rule of Criminal Procedure 35; (3) because the written Judgment accurately reflects the Court's oral pronouncement at sentencing, there was no clerical error, and the Court may not correct Defendant's sentence pursuant to Federal Rule of Criminal Procedure 36; and (4) it was not appropriate for the Bureau of Prisons to suggest to the Court that it could and would alter its calculation of Defendant's sentence based solely upon the Court's informal response to the BOP's letter. D.E. 415. Defendant has offered no new evidence or legal authority to alter the Court's opinion as to any of these issues.

For the reasons stated in the Court's October 25, 2022 Memorandum Opinion & Order (D.E. 415), which is incorporated by reference as if set forth fully herein, Defendant's Notice of Nunc Pro Tunc for Correction or Clarification of Record (D.E. 421) is **DENIED**. His request for a hearing is further **DENIED AS MOOT**.

It is so **ORDERED** this 5th day of December, 2022.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE

2